THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD NASTI, Relator, *v.* LEWIS E. LAWES, as Warden of Sing Sing Prison, Respondent.

Supreme Court, Westchester County, May 1, 1939.

*Maxim Ingber*, for the relator.

*John J. Bennett, Jr., Attorney-General*, for the respondent.

WITSCHIEF, J. The prisoner was convicted of the crime of criminally receiving stolen property. After the conviction an information was filed charging him with a previous plea of guilty to a felony, namely, attempted burglary, and he acknowledged the crime and his indentity. Thereupon he was properly sentenced to serve a term of twenty years in Sing Sing Prison. Later the same day, he was again brought before the court and given an indeterminate sentence of not less than twenty years and not more than forty years. Still later he was again returned to the court and again sentenced to serve not less than twenty years nor more than forty years. And finally a writ of habeas corpus was sustained and he was returned to the court for proper sentence, and was again sentenced to serve a term of twenty years. It is conceded that the first and the last sentences were proper, but the claim seems to be that because the intermediate sentences were improper, the prisoner is entitled to his release. The theory of the petitioner is that the court exhausted its power when it imposed the first sentence, which was the correct sentence. Assuming that this is true, all that happened after the first sentence was imposed was surplusage, and as that sentence was correct, the writ must be dismissed and the prisoner remanded to the present custody.